**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DALE A. HESS,** | : | **No. 1:23cv544** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **TOWNSHIP OF SAINT THOMAS;** | : | |
| **SAINT THOMAS TOWNSHIP** | : | |
| **MUNICIPAL AUTHORITY; TRAVIS** | : | |
| **AMSLEY; LAURA MEYERS; LARRY** | : | |
| **TRUETT; ANDREW HOLLENSHEAD;** | : | |
| **RYAN WALLS; BOBBY BARD; and** | : | |
| **CORY STINE,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is a motion to dismiss filed by Defendants Saint Thomas

Township Municipal Authority, Travis Amsley, Laura Meyers, Larry Truett,

Andrew Hollenshead, Ryan Walls, Bobby Bard, and Cory Stine.[1] (Doc. 22).  This

matter is fully briefed and ripe for disposition.[2]

**Background**

Plaintiff Dale A. Hess filed this action pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act, 29

---

[1] Defendants Amsley, Meyers, Hollenshead, Walls, Bard, and Stine are hereinafter referred to as the individual defendants.

[2] The Honorable Jennifer P. Wilson transferred this matter to the undersigned on November 7, 2023.

U.S.C. § 790, *et seq.* ("RA"), the Family and Medical Leave Act of 1993, 29

U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43

PA. STAT. § 951, *et seq.* ("PHRA").  Pursuant to the amended complaint, Plaintiff

alleges that he is a former employee of the Saint Thomas Township Municipal

Authority ("Authority"), and the Township of Saint Thomas ("Township").[3] (Doc.

20 ¶¶ 4, 27-29, 31, 33-34, 37-38, 41, 45, 46-47).  The Authority and Township

employed plaintiff as a plant operator/supervisor from April 2006 until March 29,

2021. (Id. ¶ 29).  The above-named individual defendants are alleged to be

members of the Authority board of directors.[4] (Id. ¶¶ 4-17).

Plaintiff suffers from several medical conditions limiting his activities of daily

living, including diabetes and chronic sinus infections. (Id. ¶ 24).  As a result of

these conditions, plaintiff experiences exhaustion, shortness of breath, sweating,

and blurred vision. (Id. ¶ 25).  When plaintiff experiences these symptoms, he

must avoid operating heavy equipment or motor vehicles until his blood sugar

levels stabilize and these symptoms limit his mobility.  (Id. ¶ 26). Plaintiff advised

the Authority and Township of his need for accommodations when he was hired.

(Id. ¶ 31).

---

[3] These brief background facts are derived from plaintiff's amended complaint.  At this stage of
the proceedings, the court must accept all factual allegations in the complaint as true.  Phillips
v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The court makes no determination,
however, as to the ultimate veracity of these assertions.

In 2019, the Authority and Township began to target plaintiff with "frivolous and unjustified discipline." (Id. ¶ 33).  Plaintiff received a disciplinary letter for excessive time off on June 28, 2019. (Id. ¶ 34).  On November 11, 2019, plaintiff received a disciplinary letter for consuming alcohol while on-call. (Id. ¶ 33).  Plaintiff contends the Township and Authority had no good faith basis to believe he consumed alcohol. (Id.)

Plaintiff was placed on a performance review in 2020. (Id. ¶ 40).  After the performance review period, plaintiff received a letter placing him on administrative leave without pay from March 11, 2021 through March 26, 2021.  (Id. ¶ 43).  The letter advised plaintiff that there would be a meeting to discuss his employment on March 26, 2021 at 4:30 PM, but the letter did not specify a location. (Id.)  Plaintiff asked through counsel for clarification of the meeting agenda and the location of the meeting, but the Authority and Township did not respond to the requests. (Id. ¶¶ 44-45).  When plaintiff did not report to the unknown location, the Authority and Township terminated his employment on March 29, 2021. (Id. ¶ 46).

Plaintiff also alleges that he timely filed a charge of disability discrimination with the Pennsylvania Human Relations Commission ("PHRC"). (Id. ¶¶ 20-21).  Plaintiff alleges that the charge referred to retaliation he received at the hands of the Authority and Township after seeking accommodation and the aiding and

abetting of such discrimination by the individual defendants as board members of the Authority. (Id. ¶ 20).

Plaintiff filed an amended complaint on July 17, 2023. (Doc. 20). The amended complaint asserts the following claims against the Authority and Township: Count I - PHRA disability discrimination; Count II - RA disability discrimination; Count III – ADA discrimination; Count IV – FMLA interference; and Count V – FMLA retaliation. Additionally, in Count VI, plaintiff asserts a PHRA claim against the individual defendants for aiding and abetting the disability discrimination by the Authority.

**Jurisdiction**

Based on the alleged violations of federal law, this court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Additionally, the court has jurisdiction under 28 U.S.C. § 1343(a)(3), which confers jurisdiction of any action commenced to redress the deprivation of any right, privilege, or immunity secured by federal law providing for the equal rights of citizens. The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

4

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (3d (citations omitted).

5

**Analysis**

The Authority moves to dismiss plaintiff's ADA discrimination claim in Count III and his FMLA retaliation claim in Count IV of the amended complaint. The individual defendants move to dismiss plaintiff's PHRA claim against them premised on aiding and abetting the alleged disability discrimination. The court will address each of these claims in turn.

### 1. Count III – ADA discrimination claim

The Authority first argues that it cannot be subject to an employment discrimination claim under Title I of the ADA, 42 U.S.C. § 12112(a), because it is not a covered "employer," that is, it employs fewer than fifteen (15) employees. (Doc. 23 at 5 (citing 42 U.S.C. § 12111(5))). Plaintiff counters that, regardless of the number of employees, the Authority is subject to employment discrimination claims because it is a "public entity" under Title II of the ADA.[5]

The United States Supreme Court and the Third Circuit Court of Appeals have not directly addressed whether Title II of the ADA authorizes a claim for employment discrimination claim as Title I does. The vast majority of the other circuit courts conclude that a plaintiff may not bring an employment discrimination

---

[5] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

claim under Title II. [6] See Taylor v. City of Shreveport, 798 F.3d 276, 282 (5th Cir.

2015); Reyazuddin v. Montgomery Cty., Md., 789 F.3d 407, 421 (4th Cir. 2015);

Brumfield v. City of Chi., 735 F.3d 619, 626 (7th Cir. 2013); Mary Jo C. v. N.Y.

State & Local Ret. Sys., 707 F.3d 144, 171 (2d Cir. 2013); Elwell v. Okla. ex rel.

Bd. of Regents of Univ. of Okla., 693 F.3d 1303, 1316 (10th Cir. 2012);

Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169, 1184 (9th Cir. 1999); but see

Bledsoe v. Palm Beach Cty Soil & Water Conserv. Dist., 133 F.3d 816, 820 (11th

Cir. 1998)(holding Title II applies to employment discrimination claims).[7]

Decisions within the appellate jurisdiction of the Third Circuit largely follow the

majority view. Cook v. City of Phila., 94 F.Supp.3d 640, 648 (E.D. Pa. 2015)

(collecting cases).

At this posture, however, no document in the record establishes the

number of employees at the Authority other than an affidavit from the board

chairman, which the court may not consider on a motion to dismiss. See Schmidt

v. Skolas, 770 F.3d 241, 250 (3d Cir. 2014)(citing Cent. Contracting Co. v. Md.

---

[6] The United States Supreme Court expressly declined to address this circuit spilt in Bd. of
Trustees of Univ. of Ala. v. Garrett, finding the parties failed to appropriately brief the issue.
531 U.S. 356, 360, n.1 (2001).  The issue has evaded appellate review by the Third Circuit.
See Koslow v. Commonwealth of Pa., 302 F.3d 161, 166, n. 3 (3d Cir. 2002); Lavia v. Pa., 224
F.3d 190, 194, n. 2 (3d Cir. 2000).

[7] In his brief in opposition, plaintiff relies on Haberle v. Troxell, 885 F.3d 170 (3d Cir. 2018) for
the proposition that Title II applies to employment discrimination cases. (Doc. 26 at 6).
Haberle did not involve an employment discrimination claim.

Cas. Co., 367 F.2d 341, 343 (3d Cir.1966).  Accordingly, to the extent that Title I of the ADA would permit plaintiff's employment discrimination claim as alleged in the complaint, the Authority's motion to dismiss must be denied to be revisited later in the litigation.

### 2. Count IV – FMLA interference claim

Next, the Authority moves to dismiss plaintiff's FMLA interference claim. The Authority argues that this claim fails because, as pled by plaintiff, his FMLA requests were granted on two occasions. (Doc. 23 at p. 6).  Plaintiff responds that the Authority delayed its re-approval of FMLA eligibility, as averred in the amended complaint, by misplacing the signature page on the application form and by requiring a doctor's signature. (See Doc. 26 at 8; Doc. 20, Am. Compl. ¶¶ 37-38).  After careful review, the court concludes that plaintiff's amended complaint fails to state a claim for FMLA interference.

The FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the statute. 29 U.S.C. § 2615(a)(1).  Interference with an employee's rights includes refusing to authorize FLMA leave and discouraging employes from using such leave. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 142 (3d Cir. 2004)(citing 29 C.F.R. § 825.220(b)).

To make a claim of interference under the FMLA, a plaintiff must establish:

> (1) he was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

Capps v. Mondelez Glob., LLC, 847 F.3d 144, 155 (3d Cir. 2017)(citing Ross v. Gilhuly, 755 F.3d 185, 191 (3d Cir. 2014))(further citation omitted).  Put more succinctly, a plaintiff asserting an interference claim under the FMLA need only show that "he was entitled to benefits under the FMLA and that he was denied them." Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005).

Plaintiff alleges he was approved for intermittent FMLA leave between November 2019 and November 2020, he had to reapply after that time, and the Authority delayed formal approval "for well over a month." (See Doc. 20 at ¶¶ 35-38).  The amended complaint, however, does not set forth any facts that, during this period of alleged delay, plaintiff gave notice to the Authority of taking leave or that the Authority otherwise denied such benefits.  As a result, Count IV will be dismissed as asserted against the Authority.  The court, however, cannot rule out whether amendment would be futile. Plaintiff may thus file a second amended complaint within ten (10) days of this decision to the extent that he possesses additional facts to cure this defect.  If plaintiff fails to amend, the dismissal of Count IV will convert into a dismissal with prejudice.

9

### 3. Count VI – PHRA aiding and abetting discrimination claim

Finally, the individual defendants move to dismiss plaintiff's aiding and abetting discrimination claim filed pursuant to the PHRA. See 43 PA. STAT. § 955(e)("It shall be an unlawful discriminatory practice. . .[f]or any person. . .to aid, abet, incite, compel, coerce the doing of any act declared by this section to be an unlawful discriminatory practice.").

Attaching plaintiff's PHRC complaint to the motion to dismiss, the individual defendants argue that plaintiff failed to exhaust his administrative remedies by not naming them as respondents and not including any individual reference to them in his allegations of discrimination. (See Doc. 23-1).

"The Pennsylvania Supreme Court has explicitly held that a discharged employee cannot file a PHRA claim in the judicial system without first exhausting administrative remedies." Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 656 (E.D. Pa. 2002)(citing Clay v. Advanced Comput. Apps, Inc., 559 A.2d 917, 920 (Pa. 1989)).  Under the PHRA, an administrative complaint requires that an aggrieved person state "the name and address of the. . .person. . .alleged to have committed the unlawful discriminatory practice[.]" 43 PA. STAT. § 959(a). "Generally, if a plaintiff does not name a defendant in [their] administrative

10

charge, [they are] precluded from later bringing an action against that defendant in court." Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 479 (E.D. Pa. 2013)(citing Schafer v. Board of Public Educ., 903 F.2d 243, 251 (3d Cir.1990)(referring to this as the "named respondent rule").  "The purpose behind this rule is to alert the implicated parties and to encourage an informal conciliation process in lieu of trial." Kunwar v. Simco, 135 F.Supp.2d 649, 653 (E.D. Pa. 2001)(citation omitted); see also McLaughlin v. Rose Tree Media School Dist., 1 F.Supp.2d 476, 482 (E.D. Pa. 1998)("The purpose of requiring a defendant to be named in the [administrative claim] is to give that defendant notice of the allegations against it such that the party has an opportunity to resolve the situation without resort to further litigation.").

The Third Circuit Court of Appeals recognizes an exception to the named respondent rule.  Despite not naming a defendant in an administrative complaint, a plaintiff may be deemed to have exhausted administrative remedies and proceed with a lawsuit "when the unnamed party received notice and there is a shared commonality of interest with the named party." Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa., 903 F.2d 243, 252 (3d Cir. 1990)(citing Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir.1980), vacated on other

grounds, 451 U.S. 935 (1981)).[8]  When a plaintiff fails to name individual

defendants in the body of an administrative complaint, however, these

defendants have not been placed on notice that they could be sued in their

individual capacities, even if they are aware of the administrative complaint's

existence. See Hills, 978 F.Supp.2d at 480.  Accordingly, there are decisions in

this district finding that plaintiffs have exhausted administrative remedies with

respect to individual defendants if the body of the PHRC complaint named the

defendants and described the particular acts of discrimination sufficient to place

those defendants on notice. Johnson v. PSI Pizza, Inc., 3:11-cv-1698, 2012 WL

4450897 at * 5 (M.D. Pa. 2012)(Mannion, J.); Cardamone v. Murray

Management, Inc., 3:05-cv-679, 2005 WL 3478320 at *3 (M.D. Pa.

2005)(Caputo, J.).  On the other hand, where an individual defendant is not

named during PHRC proceedings, judges have dismissed the PHRA claims in

the ensuing litigation. See Coe v. Pennsylvania State University, 4:14-cv-1818,

2016 WL 1162344 (M.D. Pa. 2016)(Brann, J.).  As persuasively reasoned by

---

[8] Glus articulated a four-factor test for district courts to consider: 1) whether the role of the
unnamed party could through reasonable effort by the complainant be ascertained at the time
of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a
named (party) are so similar as the unnamed party's that for the purpose of obtaining voluntary
conciliation and compliance it would be unnecessary to include the unnamed party in the
EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual
prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in
some way represented to the complainant that its relationship with the complainant is to be
through the named party. 629 F.2d at 251; see also Glus v. G. C. Murphy Co., 562 F.2d 880,
888 (3d Cir. 1977).

Judge Brann in <u>Coe</u>, the "narrow" exception to the named respondent rule is "not a panacea to remedy incomplete or haphazard pleading[]" before an administrative body. <u>Id.</u> at *8.

Here, plaintiff failed to name the individual defendants as respondents in his PHRC complaint and did not mention them in his allegations there.  As a matter of law, the individual defendants were deprived of notice that plaintiff would pursue claims against them in their individual capacities in this case.  Accordingly, Count VI of the amended complaint against the individual defendants will be dismissed.

**Conclusion**

For the reasons set forth above, the motion to dismiss filed by the Authority and the individual defendants is granted in part and denied in part.  The motion to dismiss Count III of the amended complaint is denied.  The motion to dismiss Count IV is granted; however, plaintiff may file a second amended complaint within ten (10) days of this decision or else Count IV will be dismissed with prejudice as to the Authority.  Finally, the motion to dismiss Count VI is granted and the individual defendants will be dismissed from this action.  An appropriate order follows.

Date: 3/28/24

JUDGE JULIA K. MUNLEY
United States District Court