## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE A. HESS, | : | No. 1:23cv544 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| TOWNSHIP OF SAINT THOMAS; | : | |
| SAINT THOMAS TOWNSHIP | : | |
| MUNICIPAL AUTHORITY; TRAVIS | : | |
| AMSLEY; LAURA MEYERS; LARRY | : | |
| TRUETT; ANDREW HOLLENSHEAD; | : | |
| RYAN WALLS; BOBBY BARD; and | : | |
| CORY STINE, | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is Defendant Township of Saint Thomas's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 24).  This matter is fully briefed and ripe for disposition.[1]

## Background

Plaintiff Dale A. Hess filed this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 790, *et seq.* ("RA"), the Family and Medical Leave Act of 1993, 29

---

[1] The Honorable Jennifer P. Wilson transferred this matter to the undersigned on November 7, 2023.

U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43 PA. STAT. § 951, *et seq.* ("PHRA").

Pursuant to the amended complaint, Plaintiff alleges that he is a former employee of the Saint Thomas Township Municipal Authority ("Authority"), and the Township of Saint Thomas ("Township").[2] (Doc. 20 ¶¶ 4, 27-29, 31, 33-34, 37-38, 41, 45, 46-47).  The Authority and Township employed plaintiff as a plant operator/supervisor from April 2006 until March 29, 2021. (Id. ¶ 29).

Plaintiff suffers from several medical conditions limiting his activities of daily living, including diabetes and chronic sinus infections. (Id. ¶ 24).  As a result of these conditions, plaintiff experiences exhaustion, shortness of breath, sweating, and blurred vision. (Id. ¶ 25).  When plaintiff experiences these symptoms, he must avoid operating heavy equipment or motor vehicles until his blood sugar levels stabilize and these symptoms limit his mobility.  (Id. ¶ 26). Plaintiff advised the Authority and Township of his need for accommodations when he was hired. (Id. ¶ 31).

In 2019, the Authority and Township began to target plaintiff with "frivolous and unjustified discipline." (Id. ¶ 33).  Plaintiff received a disciplinary letter for

---

[2] These brief background facts are derived from plaintiff's amended complaint.  At this stage of the proceedings, the court must accept all factual allegations in the complaint as true.  Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The court makes no determination, however, as to the ultimate veracity of these assertions.

excessive time off on June 28, 2019. (Id. ¶ 34).  On November 11, 2019, plaintiff received a disciplinary letter for consuming alcohol while on-call. (Id. ¶ 33). Plaintiff contends the Township and Authority had no good faith basis to believe he consumed alcohol. (Id.).

Plaintiff was placed on a performance review in 2020. (Id. ¶ 40).  After the performance review period, plaintiff received a letter placing him on administrative leave without pay from March 11, 2021 through March 26, 2021. (Id. ¶ 43).  The letter advised plaintiff that there would be a meeting to discuss his employment on March 26, 2021 at 4:30 PM, but the letter did not specify a location. (Id.).  Plaintiff asked through counsel for clarification of the meeting agenda and the location of the meeting, but the Authority and Township did not respond to the requests. (Id. ¶¶ 44-45).  When plaintiff did not report to the unknown location, the Authority and Township terminated his employment on March 29, 2021. (Id. ¶ 46).

Plaintiff also alleges that he timely filed a charge of disability discrimination with the Pennsylvania Human Relations Commission ("PHRC"). (Id. ¶¶ 20-21). Plaintiff alleges that the charge referred to retaliation he received at the hands of the Authority and Township. (Id. ¶ 20).

Plaintiff filed an amended complaint on July 17, 2023. (Doc. 20).  Count I of the amended complaint asserts a cause of action against the Authority and

Township under the PHRA. (Id.).  Subsequently, the Township filed the instant

motion to dismiss Count I, arguing that plaintiff failed to exhaust his

administrative remedies. (Doc. 24).  This matter is now ripe for disposition.

**Jurisdiction**

Based on the alleged violations of federal law, this court has jurisdiction

pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United

States.").  Additionally, the court has jurisdiction under 28 U.S.C. § 1343(a)(3),

which confers jurisdiction of any action commenced to redress the deprivation of

any right, privilege, or immunity secured by federal law providing for the equal

rights of citizens.  The court has supplemental jurisdiction over plaintiff's state law

claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district

courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.").

**Legal Standard**

Defendant filed the instant motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted. See Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999)

(indicating that Rule 12(b)(6) governs motions asserting a failure to exhaust administrative remedies).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (3d (citations omitted).

**Analysis**

The Township moves to dismiss plaintiff's PHRA claim in Count I of the amended complaint.  Attaching plaintiff's PHRC complaint to the motion to dismiss, the Township argues that plaintiff failed to exhaust his administrative

remedies by not naming the Township as a respondent or including it in his

allegations.[3] (See Doc. 24, Exh. A).

"The Pennsylvania Supreme Court has explicitly held that a discharged

employee cannot file a PHRA claim in the judicial system without first exhausting

administrative remedies." Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 656

(E.D. Pa. 2002)(citing Clay v. Advanced Comput. Apps, Inc., 559 A.2d 917, 920

(Pa. 1989)). Under the PHRA, an administrative complaint requires that an

aggrieved person state "the name and address of the. . .employer. . .alleged to

have committed the unlawful discriminatory practice[.]" 43 PA. STAT. § 959(a).

"Generally, if a plaintiff does not name a defendant in [their] administrative

charge, [they are] precluded from later bringing an action against that defendant

in court." Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 479 (E.D. Pa.

2013)(citing Schafer v. Board of Public Educ., 903 F.2d 243, 251 (3d

Cir.1990)(referring to this as the "named respondent rule"). "The purpose behind

---

[3] In resolving a motion to dismiss, a district court "may consider *only* the allegations contained in the pleadings to determine its sufficiency." In re Asbestos Prod. Liab. Litig. (No. VI), 822 F.3d 125, 133 (3d Cir. 2016)(emphasis in original). The Third Circuit, however, declines to interpret this rule narrowly. See id. at 133, n. 7. "In deciding motions under Rule 12(b)(6), courts may consider documents integral to or explicitly relied upon in the complaint, or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," without converting the motion into one for summary judgment. Id. (citations omitted, quotation marks and brackets removed)(emphasis removed); See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court will thus consider plaintiff's PHRC complaint only naming the Authority for the purpose of deciding this motion to dismiss.

this rule is to alert the implicated parties and to encourage an informal

conciliation process in lieu of trial." Kunwar v. Simco, 135 F.Supp.2d 649, 653

(E.D. Pa. 2001)(citation omitted); see also McLaughlin v. Rose Tree Media

School Dist., 1 F.Supp.2d 476, 482 (E.D. Pa. 1998)("The purpose of requiring a

defendant to be named in the [administrative claim] is to give that defendant

notice of the allegations against it such that the party has an opportunity to

resolve the situation without resort to further litigation.").

The Third Circuit Court of Appeals recognizes an exception to the named

respondent rule.  Despite not naming a defendant in an administrative complaint,

a plaintiff may be deemed to have exhausted administrative remedies and

proceed with a lawsuit "when the unnamed party received notice and there is a

shared commonality of interest with the named party." Schafer v. Bd. of Pub.

Educ. of the Sch. Dist. of Pittsburgh, Pa., 903 F.2d 243, 252 (3d Cir. 1990)(citing

Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir.1980), vacated on other

grounds, 451 U.S. 935 (1981)).[4]  Additionally, there are decisions in this district

---

[4] Glus articulated a four-factor test for district courts to consider: 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named (party) are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. 629 F.2d at 251; see also Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977).

7

finding that plaintiffs have exhausted administrative remedies with respect to individual defendants if the body of the PHRC complaint named the defendants and described the particular acts of discrimination sufficient to place those defendants on notice. Johnson v. PSI Pizza, Inc., 3:11-cv-1698, 2012 WL 4450897 at * 5 (M.D. Pa. 2012)(Mannion, J.); Cardamone v. Murray Management, Inc., 3:05-cv-679, 2005 WL 3478320 at *3 (M.D. Pa. 2005)(Caputo, J.); cf. Coe v. Pennsylvania State University, 4:14-cv-1818, 2016 WL 1162344 at *5 (M.D. Pa. 2016)(Brann, J.)(dismissing PHRA claims against an individual defendant where that defendant was not named in a PHRC charge).

While plaintiff did not explicitly name the Township as the respondent in his PHRC complaint or mention the Township in the body of the allegations, his amended complaint alleges that the Authority was created by the Township and remains a part of the Township governing body. (Doc. 20, ¶ 3).  The second part of this allegation, however, is conclusory and contradicts Pennsylvania law.  In Pennsylvania, a township is a specific municipal subunit. See 53 PA. STAT. § 55101, et seq., 53 PA. STAT. § 65101, et seq.  An authority, on the other hand, is "a body politic and corporate" created under Pennsylvania's Municipal Authorities Act or the former acts preceding it. 53 PA. CONS. STAT. § 5602.  Authorities may own and operate public works projects of various kind and character, including waterworks, sewer systems, trash removal, public transportation, hospitals, and

industrial development projects. 53 PA. CONS. STAT. § 5607(a)(1)-(18).

Additionally, authorities may exercise all powers for carrying out these purposes

and may "sue and be sued. . .[and] complain and defend in all courts." 53 PA.

CONS. STAT. § 5607(d).

As a matter of Pennsylvania law, "municipal authorities are not the

creatures, agents or representatives of the municipalities which organize them,

but rather are 'independent agencies of the Commonwealth, and part of its

sovereignty.' " Commonwealth v. Erie Metro. Transit Auth., 281 A.2d 882, 884

(Pa. 1971)(quoting Whitemarsh Township Authority v. Elwert, 196 A.2d 843 (Pa.

1964)(further citations omitted); see also In re Application of Mun. Auth. of Upper

St. Clair Township (Appeal of Simon), 184 A.2d 695 (1962)(concluding that the

"fundamental nature" of municipal authorities are that of "a corporate agency of

the state, and not a child of a municipality").  Put another way, municipal

authorities are not viewed under the law as appendages of townships; authorities

are "independent Commonwealth agencies separate from townships."

Commonwealth v. Lucas, 632 A.2d 868, 870 (Pa. 1993)(citing Whitemarsh Twp.

Auth., 196 A.2d at 846).

As noted above, plaintiff failed to name the Township in his PHRC

complaint.  The amended complaint filed against the Township in this court does

not contain allegations plausibly setting forth common interests between the

9

Township and the Authority or that the Township otherwise had notice of the

PHRC proceedings against the Authority.  Based on these deficiencies and

Pennsylvania jurisprudence treating authorities and townships as separate,

distinct, and independent entities, the Township's motion to dismiss will be

granted.

**Conclusion**

For the reasons set forth above, Defendant Township of Saint Thomas's

motion to dismiss is granted.  Plaintiff's PHRA claim in Count I of the amended

complaint is dismissed as asserted against the Township.  An appropriate order

follows.

Date: 3/28/24

JUDGE JULIA K. MUNLEY
United States District Court